

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 29, 1961

Colonel Homer Garrison, Jr.
Texas Department of Public Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. WW-1231

Re: Applicability of Article
3272a, V.C.S., to security
deposits which are placed
by the Department of Public
Safety in the custody of
The State Treasurer pur-
suant to Art. III of Art.
6701h, V.C.S.

Dear Colonel Garrison:

From your letter of November 21, 1961, we quote as
follows:

"This Department would appreciate
your opinion as to the applicability of
House Bill No. 5, Act of the 57th Legis-
lature, 1st Called Session, to security
deposits which are placed by the Depart-
ment of Public Safety in the custody of
the State Treasurer pursuant to Article
III, of 6701h, of Vernon's Civil Statutes
(the Texas Motor Vehicle Safety-
Responsibility Act).

"The Texas Department of Public
Safety has on deposit in the State Treasury,
Trust Fund 914, approximately $9,000.00,
which represents security deposited by per-
sons prior to October 31, 1954, in compliance
with the security provisions of the Safety-
Responsibility Act. Efforts to contact the
depositors regarding a possible refund have

been futile . . . Due to the difficulty of obtaining information concerning the pendency of a judgment, the Department has developed a practice of returning the deposit, if it is otherwise returnable, on an affidavit of the depositing person that no action is pending and no judgment unpaid. If the depositing person is missing or deceased, of course, such an affidavit is not forthcoming. Nevertheless, there may well be claimants who would be entitled to the fund who have not been contacted."

Article 6701h, V.C.S., provides as follows in Section 5 (a) of Article III:

"If twenty (20) days after the receipt of a report of a motor vehicle accident within this State which has resulted in bodily injury or death, or damage to the property of any one (1) person in excess of One Hundred Dollars ($100), the Department does not have on file evidence satisfactory to it that the person would otherwise be required to file security under Sub-section (b) of this Section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the Department shall determine the amount of security which shall be sufficient in its judgment for damages resulting from such accident as may be recovered against each operator or owner."

This same Statute further provides in Section 10 of Article III:

"Security deposited in compliance with the requirements of this Article shall be placed by the Department in the custody

of the State Treasurer and shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made, for damages arising out of the accident in question in an action of law, begun not later than one (1) year after the date of such accident, or within one year after the date of any deposit of any security under Subdivision 3, of Section 7, or to the payment in settlement, agreed to by the depositor, of a claim or claims arising out of such accident. Such deposit or any balance thereof shall be returned to the depositor or his personal representative when evidence satisfactory to the Department has been filed with it that there has been a release from liability, or a final adjudication of nonliability, or a duly acknowledged agreement, in accordance with Subdivision 4 of Section 6, or whenever, after the expiration of one (1) year from the date of the accident, or two (2) from the date of deposit of any security under Subdivision 3 of Section 7, the Department shall be given reasonable evidence that there is no such action pending and no judgment rendered in such action left unpaid." (Emphasis Supplied.)

Article 3272a, V.C.S., after requiring the reporting of personal property subject to escheat, provides in Section 1 (c) as follows:

"The term 'subject to escheat' shall include personal property presumed to be subject to escheat by the prima facie conclusions contained in Article 3272, including all personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the

past seven (7) years and (3) on which no
will of the last known owner has been
recorded or probated in the county where
the property is situated within the past
seven (7) years."  (Emphasis Supplied.)

At the outset it should be observed that in our
judgment there is nothing in either of the subject statutes,
Article 6701h, V.C.S., or Article 3272a, V.C.S., to indicate
that the provisions of the latter do not apply to deposits
made under the former, insofar as such deposits meet the
tests laid down by Article 3272a.

The questions with which we are concered are (1)
When does the depositor become the "owner" of the security
deposit within the meaning of Article 3272a so as to commence
the seven year period?; and (2) What is the effect of lack of
"Reasonable evidence", within the meaning of Article 6701h,
that no such action is pending and no such judgment is unpaid?

Section 1 (c) of Article 3272a makes it abundantly
clear that before "personal property", which the security
deposit manifestly is, can become "subject to escheat" by
virtue of the occurrence of the seven year period, there must
be during such period an "owner" of such property whose exist-
ence and whereabouts are unknown, as evidenced by the three
conditions specified in said Section of Article 3272a.  Our
inquiry then is when does the depositor become the "owner"
of the security deposit within the meaning of Article 6701h
and Article 3272a.  The seven year period obviously cannot
commence until such time.

Article 6701h discloses that the purpose of the
security deposit following certain motor vehicle accidents
is to secure and insure financial responsibility of persons
involved in certain motor vehicle accidents so long as, within
certain limits, such persons are potentially liable for
damages arising out of the accident.  It is with this purpose
in mind that we must determine the time when the depositor.
becomes the "owner" of the security deposit so as to set the
seven year period in motion.

It is our opinion that the time the depositor again
becomes "owner" of the security deposit and, therefore, the
time when the seven year period specified in Article 3272a

commences, is the date upon which one year from the accident or one year from the deposit has expired, whichever is later, without there having been an action at law filed against the depositor for damages arising out of the accident. And, if such action has been filed within such time, the depositor becomes the "owner", and the seven year period commences, on the date upon which the depositor has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident. In other words, the depositor becomes the owner when his security deposit is no longer potentially liable under Article 6701h. At the aforesaid times, respectively, the deposit was no longer needed or required under the terms of Article 6701h.

Manifestly, the depositor would have no standing, or reason, or occasion to assert or exercise any claim or act of ownership over the security deposit until the potential liability of the fund was removed. Therefore, the failure of the depositor to assert or exercise any claim or act of ownership on the security deposit between the time of the deposit and the removal of the condition of potential liability would not logically tend to prove abandonment. Thus, to hold that the period of abandonment begins prior to such time would be to raise serious questions as to the constitutionality of the statute. It is a well known rule of construction that where an act is fairly susceptable of two constructions, under one of which the act would be constitutional and the other of which would be of doubtful constitutionality, all doubts will be resolved in favor of the former construction. 39 Tex. Jur. 206, Statutes, Sec. 3.

It is readily seen that the date upon which the Department receives "reasonable evidence" is merely the date upon which the Department learned that the depositor had previously become entitled to his security. The depositor had good reason to claim, and could have claimed, the security on the prior date upon which his security ceased to be potentially liable for damages arising out of the accident. He is no less entitled to, and the owner of, such security as of such time that the condition of non-liability occurred than is the payee on a promissory note entitled to the amount of the note upon the date such note becomes due, although in both instances it may become necessary to prove before some duly constituted authority on a later date that the amount involved was actually due to payee as of the prior date.

However, there is no doubt that the Department of Public Safety does not have to release the deposits unless it receives "reasonable evidence" that the deposits are no longer subject to being used for the purposes for which the deposit was made, namely the satisfaction of any final judgment rendered against the depositor for damages arising out of an accident in an action at law commenced within one year from the date of the accident. The date upon which the depositor becomes the "owner" of the deposits may, as we have demonstrated, precede the date upon which such reasonable evidence is received by the Department of Public Safety.

The question of what constitutes reasonable evidence that there is no such action or judgment must, in the first instance, be determined by the Department of Public Safety. We are not prepared to say that it is unreasonable for the Department to require an affidavit from the depositor or his personal representative that no such action is pending and no such judgment is unpaid, where the Department has not received other reasonable evidence that such condition exists. Manifestly, the mere absence of any notification to the Department that such an action or judgment exists is not reasonable evidence of the non-existence of such action or judgment. It is well known that civil actions often pend for many years before becoming final and we take notice of the fact that the Department of Public Safety does not receive reports from the clerks of the courts in Texas as to all of the civil actions which are filed in this State.

But, this is not to say that the affidavit from the depositor is the only way in which the Department can satisfy itself that no such action or judgment is pending. For instance, it would seem that such an affidavit from the persons for whose benefit the deposit was originally made would, in the situation where the depositor cannot be located, serve the same purpose as an affidavit from the depositor. There may be other reasonable evidence and when this is given to the Department, the depositor, or those who hold under him, should receive the security deposit monies. If they are unknown and the property is otherwise in the condition specified in Article 3272a, the property should be reported.

In the particular fact situation presented in your letter, the Department of Public Safety has received no affidavit from the depositor and apparently no other reasonable evidence that the depositors of the security deposits

have no action against them which was commenced within one year from the accident or one year from the deposit, and have no unpaid judgment from such action against them. Therefore, the subject deposits cannot be released by the Department and cannot be reported under Article 3272a, for it is not known whether the depositor became the owner of the deposits seven years ago.

If, however, reasonable evidence of the absence of such action and judgment is ever produced, the seven year period specified in Article 3272a must be deemed to have commenced at the expiration of one year from the date of the accident or one year from the deposit, whichever is later, assuming no suit was filed within said period, or if such a suit was so filed, said seven year period must be deemed to have commenced on the date the judgment was satisfied or the date said written agreement to pay damages was entered into or the date upon which any judgment of nonliability occurred.

SUMMARY

Security deposits made under Article 6701h cannot be released to the depositor until the Department of Public Safety receives reasonable evidence that the deposit is no longer subject to being used for the purpose for which the deposit was made. An affidavit as to such fact from the depositor or his personal representative is not the only proof that will constitute reasonable evidence. When other such reasonable evidence is received by the Department, the seven year period specified in Article 3272a, V.C.S., will be deemed to have commenced as of the time the security deposit ceased to be potentially liable for damages arising from the accident. The Department has a duty to report security deposits where it has the reasonable evidence and the conditions specified in Section 1 (c) of Article 3272a have occurred.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY Henry G. Braswell
Assistant Attorney General

HGB:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Vernon Teofan
Coleman Gay
John Reeves
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.